## TOLEDO MACHINE & TOOL CO. v. BYERLEIN.

(Circuit Court of Appeals, Sixth Circuit. December 11, 1925.)

### No. 4333.

1. **Master and servant** ⊂⇒9—**Terms of oral contract on which services continued held same as in prior contract, except as to time and salary.**

Where, on expiration of terms named in defendant's contract of employment of plaintiff, he for several days continued in its service, performing the same duties as before, till defendant's president told plaintiff that his salary would be increased a certain amount, and plaintiff thanked him and continued in the service, he continued in the employ under an oral contract, the terms and conditions of which were the same as in the prior contract, except as to salary and duration of employment.

2. **Master and servant** ⊂⇒62—**Under contract, employee's duty to assign patentable ideas, though developed at night.**

Under contract of employment, whereby plaintiff was to devote his entire time and attention to his duties as chief engineer for defendant, and assign any ideas or patentable features that he might develop or invent pertaining to its line of produce, it would be his duty to assign a patentable idea, though he developed it at nights.

Appeal from the District Court of the United States for the Eastern District of Michigan; Clarence C. Simons, Judge.

Suit by the Toledo Machine & Tool Company against Arthur A. Byerlein. From a decree dismissing the bill of complaint, plaintiff appeals. Reversed and remanded, with instructions.

On March 1, 1918, the appellee, Arthur A. Byerlein, entered into a contract of employment in writing with the appellant, the Toledo Machine & Tool Company, for a term of five years, at a salary of $3,500 per year. By the further terms of this contract Byerlein agreed "to devote his entire time and attention to his duties as chief engineer for said party of the first part, and to assign any ideas, patents, or patentable features that he may develop or invent pertaining to their line of product to the party of the first part during the life of this contract."

Byerlein entered upon the duties of his employment, and during the term named therein the company voluntarily increased his salary from time to time, so that on March 1, 1923, when the term of the contract expired he was receiving $5,400 per year. Prior to this Byerlein developed at least three patentable ideas, which were as-signed to the appellant. After the expiration of the term named in the contract Byerlein continued in the employ of the machine company, performing the same duties as theretofore, without anything being said in reference thereto by either party, until March 20, 1923. On or about March 20, 1923, Mr. Hinde, president of the machine company, and Byerlein had some conversation in reference to Byerlein continuing in the employ of the company, at which time it was agreed that Byerlein's salary would be increased as of date of March 1, 1923. Following this conversation Byerlein continued in the employ of the company in the same capacity, and apparently performing the same services, until September 13, 1923, during which time he conceived and developed the patentable idea or invention, which is the subject of this suit, and subsequently applied for a patent therefor.

On September 13, 1923, Byerlein left the employ of the machine company and accepted a like position with the Hamilton Press & Machinery Company at Detroit, Mich., which company is engaged in the manufacture of articles in competition with the appellant's products. In November, 1923, the Toledo Machine & Tool Company requested and demanded that Byerlein assign to it his application for this invention, developed and perfected during the time he was in the employ of the machine company after the expiration of the written contract, and upon his refusal to do this the machine company commenced an action to enjoin Byerlein from selling, assigning, transferring, or licensing others to use the patentable idea or invention described in the application for letters patent filed by Byerlein, and also for a mandatory injunction requiring Byerlein to assign said application for letters patent to the machine company. The defendant denied there was any extension of the original contract, or that he entered into any new contract to assign any patentable ideas after the expiration of the written contract. The District Court entered a decree dismissing the bill of complaint, from which decree the Toledo Machine & Tool Company appeals.

H. W. Fraser, of Toledo, Ohio (Fraser, Hiett & Wall, of Toledo, Ohio, on the brief), for appellant.

Thomas G. Long, of Detroit, Mich. (Leo M. Butzel, of Detroit, Mich., on the brief), for appellee.

Before DONAHUE, MACK, and MOORMAN, Circiut Judges.

DONAHUE, Circuit Judge (after stating the facts as above). While there are discrepancies between the testimony of Hinde, president of the machine company, and Byerlein, in reference to their conversation on or about March 20, 1923, we do not think there is any substantial conflict in matters material to the issue in this case. Hinde testified that on the 20th of March, 1923, Byerlein told him that his contract had expired, and that he (Byerlein) thought he ought to have more salary; that, after talking the matter over a short while, Hinde agreed to the extension of the previous contract for another year at a salary of $6,000; that Byerlein accepted this, and said it was satisfactory, and that nothing further was said in reference thereto until some two or three months later when Byerlein told him that he did not like the idea of getting a slip in his envelope stating that his salary would be increased until further notice; that Hinde then explained to him that this meant merely that Byerlein's salary could be adjusted, as in the past, to their mutual satisfaction whenever the occasion required it. Byerlein testified, in reference to this conversation with Hinde on March 20, 1923, that the only thing Hinde said to him was that he had increased his (Byerlein's) salary $50 per month; that this took Byerlein somewhat by surprise, and he was unable to say any more than "Thank you, sir," and following this conversation Byerlein continued in the employ of this company until the 13th of the following September.

The original contract called for a yearly salary payable in monthly installments. It is not of much importance whether Hinde said to Byerlein that his salary would be increased to $6,000 per year, or increased $50 per month. In either event, the amount to be paid each month would be the same, and this was paid to Byerlein so long as he continued in the employ of the company. In view of the fact that this cause does not involve the question of the right of Byerlein to leave the company's employment or the right of the company to discharge Byerlein, it is not of the slightest importance whether it was then agreed that Byerlein's employment should continue for a year, or from month to month only. Byerlein left the employment of the company about the middle of the month of September following. It is conceded that he developed this patentable idea or invention prior to that date, although he claims to have done this at nights.

[1] From the evidence of both Hinde and Byerlein it is conclusive that some agreement was made by which Byerlein was to continue in the employ of the company at an increased salary for either a definite or indefinite term of service. The only question is as to the terms and conditions of the contract under which he continued in its employ. At the time this conversation was had, Byerlein had been in the employ of this company for 5 years and 20 days, performing a definite service in a definite way. A part of this service was the development of patentable ideas that might come to him in the course of his employment, and to assign such ideas, patents, or patentable features so developed by him to the Toledo Machine & Tool Company. Both parties must have had in mind just what service Byerlein had been performing for the company; therefore, in the absence of any evidence in this record tending to prove that either one suggested a change in the nature or requirements of the service and obligation that Byerlein was to perform, the presumption necessarily obtains that both parties understood that Byerlein was to perform the same service, duties, and obligations, and in the same way that he had theretofore been performing, under the written contract that had just expired.

If Byerlein, when informed that his salary would be substantially increased, had any mental reservation when he said, "Thank you, sir," that he would not perform the same service that he had theretofore been performing, including the development of patentable ideas and the assignment of same to his employer, then was his time to speak. To permit him to assert such a claim now, after continuing in the employment and receiving the increased salary during the period in which he developed these patentable ideas, would be wholly unfair and unjust to his employer. There is no theory consistent with honesty and fair dealing, upon which Byerlein could reasonably have believed that his employer was offering him an increase in salary for the performance of less service than he agreed to perform in the original contract, and which he had faithfully performed for its full term. It necessarily follows that, when Hinde said to him that his salary would be increased, either $50 a month or to $6,000 a year, he knew that Hinde was offering to him the proposition to pay this increased salary for the performance of the same service, and when he said, "Thank you, sir," and continued in plaintiff's employ, he accepted this proposition as clearly as if Hinde had stated to him

in detail the services that would be required of him, word for word as it was written in the original contract, and he had replied, "I accept your proposition."

For the reasons stated, it is unnecessary to consider the effect of Byerlein continuing in the employ of the company for 20 days after the expiration of the original contract without any new arrangement in reference thereto; but the authorities cited in support of the appellant's contention that a contract would be implied thereby for another year at the same yearly salary are equally applicable to the principle, above announced, that in the absence of any change or suggestion of change by either party, when Byerlein's salary was increased, that both parties must have understood and intended that Byerlein would perform the same services in the future that he had performed in the past under his written contract.

[2] We do not consider the claim made by Byerlein that he developed this patentable idea at nights as of the slightest importance. His salary was paid either for the year or for the month. Certainly under the written contract it would make no difference what time in the day or night such ideas were developed, and in the opinion of this court the terms of the oral contract under which Byerlein continued in the company's employ are exactly the same, except as to the duration of the employment and the salary to be paid.

The decree of the District Court is reversed, and cause remanded, with instructions to enter a decree in accordance with this opinion.